## Holsopple v. DeRose Industries, Inc.

*Kevin L. Sanders,* for plaintiffs.

*Jon A. Barkman, Rabe F. Marsh, III,* for defendants.

SHAULIS, *J.,* October 18, 1983—This court now has before it a petition to sever and proceed to trial, filed by plaintiffs Kerry W. Holsopple and Debra Holsopple.

### FACTS

In August, 1981, plaintiffs took delivery of a mobile home manufactured by DeRose Industries and sold to them by DeRose distributor Ravata Homes. Ravata also does business under the name Summit Homes.

Plaintiffs took up residence inside the mobile home. Shortly thereafter, they began to complain

about water leakage from the walls and the roof. Pursuant to this, plaintiffs filed suit against DeRose and Ravata in August, 1982. Ravata did not respond to the initial complaint and a default judgment was filed against that party. DeRose, original defendant, joined Summit Homes as an additional defendant. In February 1983, Ravata/Summit filed for bankruptcy in Federal Court. On May 9, 1983, this court granted a stay of proceedings by reason of the bankruptcy of Ravata Homes, trading as Summit Homes. The case is to be placed back on the trial list on motion of either party for cause.

## OPINION

Plaintiffs brought this petition pursuant to Pa.R.C.P. 213(b), Consolidation, Severance and Transfer of Actions and Issues:

"(b) The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues."

This rule demands that a court weigh its admitted reluctance to allow a multiplicity of suits on the same issue against the hardship suffered by a party due to a delay in bringing their suit to trial. In this case, plaintiffs are requesting a severance of their action against DeRose, the trailer manufacturer, and Summit, the trailer distributor. They would then proceed to trial against DeRose and await the final determination of Summit's post-bankruptcy status.

In Metts v. Lasky, 28 Somerset L.J. 389 (1973), this court reiterated the burden plaintiffs must meet in order to be granted a severance:

"A severance should therefore not be granted unless the prejudice to the parties or to the Court so far exceeds the procedural convenience of determining all issues at one time as to justify the denial of that procedural convenience. The question is only one of fair administration. Unless the inconvenience or prejudice attendant upon the joinder is great, the court should not grant a severance." Id. at 393.

We feel that the prejudice suffered by plaintiffs in this action far exceeds the procedural convenience of determining all of the issues at one trial. Plaintiffs are financially unable to obtain substitute housing. They have no choice but to continue to reside in the trailer pending the resolution of this claim. There is evidence in the record which indicates that the water damage to the trailer poses a serious health threat to the inhabitants. There is no apparent resolution to plaintiffs' quandry until they receive their day in court.

If this severance is denied, plaintiffs will be forced to continue their unpleasant and unhealthy existence for such indefinite time as additional defendant Summit's bankruptcy proceedings are finalized. That, of course, could take years. Even if plaintiffs eventually prevail in court, they will be suffering continuous damage due to the delay.

For the above reasons, this petition to sever and proceed to trial is granted.

### ORDER

Now, this October 18, 1983, this petition to sever is granted. Holsopple v. DeRose Industries, Inc. is ordered to be placed on the next trial list. Holsopple v. Summit Homes Inc. shall be marked stet under local rules subject to being placed back on the trial list on motion of either party for cause.